# NAGEL RICE, LLP

COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
DIANE E. SAMMONS°

HARRY A. MARGOLIS
(1928-2002)

° MEMBER OF N.J & N.Y. BARS

103 EISENHOWER PARKWAY
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX (973) 618-9194
www.nrmlaw.com

NEW YORK OFFICE
230 PARK AVENUE
SUITE 1000
NEW YORK, NEW YORK 10169
(212) 551-1465

PLEASE REPLY TO
ROSELAND OFFICE

COUNSEL
HERBERT I. WALDMAN*□
WAYNE D. GREENSTONE°
LORI I. MAYER°
RANDEE M. MATLOFF

ANDREW L. O'CONNOR
SHAUN I. BLICK

*CERTIFIED BY THE SUPREME COURT OF
  NEW JERSEY AS A CIVIL TRIAL ATTORNEY
□CERTIFIED BY THE SUPREME COURT OF
  NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY

January 19, 2007

**By ECF**

The Honorable Dennis M. Cavanaugh
United States District Judge
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building and
United States Courthouse
50 Walnut Street, Newark, New Jersey 07101

      Re:    *Fairfax Financial Holdings Limited, et ano. v. S.A.C. Capital Management, et al.*, U.S. Dist., 06-4197 (D.N.J.) (DMC) (MF)

Dear Judge Cavanaugh:

      We represent plaintiffs Fairfax Financial Holdings Limited and Crum & Forster Holdings Corp. in this action. We write in response to defendants' January 16, 2007 letter to the Court concerning the January 9, 2007 remand decision in *Biovail Corp. v. S.A.C. Capital Management*, 06-1625 (D.N.J.). In the *Biovail* case -- which is identical to this action in all respects relevant to the remand motion currently pending before Your Honor and which involves many of the same defendants and defense counsel -- Judge Chesler held, among other things, that "the incorporation of federal predicates into a state-based RICO cause of action will not give rise to removal jurisdiction." Transcript at 50 (attached as Exhibit A hereto). Defendants' January 16 letter states that they "disagree with Judge Chesler's ruling" and that their removal is supported by arguments "that were neither presented by the parties nor considered in *Biovail*." January 16 Letter at 2. As shown below, defendants' assertions are utterly specious.

The Honorable Dennis M. Cavanaugh, U.S.D.J.
January 19, 2007
Page 2

    First, defendants misrepresent that Fairfax's New Jersey RICO claims involve only federal law predicates and "racketeering activity as defined in the federal RICO statute." *See* January 16 letter at 1. In fact, the *Fairfax* complaint, just like the *Biovail* complaint, alleges racketeering activity as defined by the New Jersey -- *not* federal -- RICO statute (which incorporates certain federal predicates into a state-based RICO cause of action), and, just like the *Biovail* complaint, pleads a number of New Jersey state law offenses as predicate acts, not just federal offenses. *See* Fairfax Complaint ¶¶ 155, 165-68.

    Second, defendants claim that their removal under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, distinguishes this case from *Biovail* because Section 27 was purportedly "neither presented by the parties nor considered in *Biovail*" and is "completely independent of the basis provided by *Grable* [pursuant to 28 U.S.C. § 1331]" upon which Judge Chester based his remand. January 16 Letter at 2-3. However, Section 27 *was* argued vigorously in *Biovail*. Defendants expressly cited Section 27 in their notice of removal and further argued in their brief that removal under Section 27 was proper because of "exclusive federal jurisdiction to resolve claims of violations under [the Securities Exchange] Act." *See* Biovail Notice of Removal ¶ 33 (attached as Exhibit B hereto); Biovail Opp. Brief at 16 (attached as Exhibit C hereto). And Biovail argued in response that "defendants' reliance on [Section 27] is without merit and does not support federal jurisdiction." Biovail Moving Brief at 20-21 (attached as Exhibit D hereto).

    Moreover, asserting that Section 27 provides a basis for removal that is "completely independent" of 28 U.S.C. § 1331 is not the law. *See Barbara v. NYSE*, 99 F.3d 49, 55 (2d Cir. 1996) ("Our determination that [plaintiff's] state court complaint did not 'arise under' federal law within the meaning of section 1331 *effectively resolves our inquiry under section 27* of the Exchange Act as well.") (emphasis added).

    Third, defendants also claim that, unlike *Biovail*, "plaintiffs' state-law predicates are dismissible on their face" in this action. January 16 Letter at 3. That argument is totally meritless: (1) it violates the fundamental "well-pleaded complaint" rule whereby the propriety of removal is to be determined from the face of the complaint, *see, e.g., Avitt v. Amoco*, 53 F.3d 690, 693 (5th Cir. 1995) ("[W]hether a case arising under a law of the United States is removable or not is to be determined by the allegations or the complaint or petition."), and (2) it asks the Court to grant the functional equivalent of a motion to dismiss the state-law predicates before it has determined its own jurisdiction. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101-02 (1998) ("For a court to pronounce upon the meaning . . . of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act *ultra vires*.").[1]

---

[1]   In any event, defendants' claim that the state law predicates are dismissible on their face is frivolous. The state law predicates alleged in the complaint are for "deceptive business practices" and "commercial bribery" under Chapter 21 of Title 2C of the New Jersey Revised Statutes, and for "fraud in the offering, sale or purchase of securities" under Chapter 49:3-71. The allegations of the complaint plainly satisfy the requirements of those statutory provisions, and defendants' contention that those statutes do not apply to the alleged conduct or that the claims of one of the named plaintiffs are a "sham" are baseless. *See* Fairfax Reply Br. at 7-12.

The Honorable Dennis M. Cavanaugh, U.S.D.J.
January 19, 2007
Page 3

       Fourth, defendants assert that Judge Chesler in *Biovail* "reasoned that the open questions presented to him went only to the issue of recovery in a civil setting, not to whether a federal criminal violation has been committed," whereas defendants argue here that the complaint implicates whether defendants' alleged conduct would be to a criminal violation of the federal securities law. January 16 Letter at 3-4. In fact, however, defendants' briefs in both *Fairfax* and *Biovail* discuss the same allegedly unsettled questions of federal law and in the same context of *civil* recovery. *Compare* Biovail Opp. Br. at 8-15 (Exh. D) with Fairfax Opp. Br. at 26-31. And Judge Chesler during oral argument directly dealt with "the elements of the federal predicate in terms of what constitutes *a criminal violation of the predicate*." *See* Exh. A at 32-34.

       Fifth, defendants claim that they cited more than 30 cases that were not cited in *Biovail*. Of course, it is not the number of the cases one cites that matters but what issues those cases address and what holdings they contain. Here, the majority of these additional cases deal with the same Section 27 issue fully addressed by Judge Chesler in *Biovail*, or are duplicative or inapposite.

       Finally, as their last resort, defendants quote Judge Chesler's observation that "reasonable minds could [] disagree" about the removal arguments presented in *Biovail*. January 16 Letter at 4. Defendants' quotation is thoroughly misleading, as Judge Chesler made that observation in the context of plaintiffs' request for the award of attorneys' fees against defendants, where the issue before the Court was whether defendants' removal "petition was so lacking on a colorable basis that attorneys' fees should be awarded." Exh. A at 54. By contrast, Judge Chesler has found defendants' arguments in opposition to remand to be "*untenable*." *Id.* at 47 (emphasis added).

*    *    *

       As demonstrated above, there are no meaningful differences between the two actions for purposes of the removal jurisdiction. Judge Chesler's lengthy, well-reasoned decision is squarely on point and is consistent with the well-settled case law in the Third Circuit. Plaintiffs respectfully submit that Judge Chesler's persuasive opinion in *Biovail* applies with equal force to the *Fairfax* action, and should lead to the same result: remand of the action to the New Jersey state court for lack of federal subject matter jurisdiction.

       Respectfully,

       BRUCE H. NAGEL

Attachments
cc:    Counsel for All Parties (Via ECF)