# EXHIBIT A

$\left( 2 \text{ of } 2 \right)$

1    standard of conduct but it doesn't necessarily incorporate

2    federal issues about when civil recoveries will be permitted

3    for violations of that particular federal standard.

4           For example, if we were to switch into another

5    area, it is fairly common for plaintiffs in state lawsuits to

6    pursue, let's see, Consumer Fraud Act claims predicated upon

7    violations of FTC standards, and the complaint says this

8    conduct was deceptive because the defendant did this, this,

9    this and this, and the FTC says that this is a deceptive

10   practice.  And if I recall correctly, New Jersey state law

11   stands for the proposition that if you violated FTC

12   standards, you've pretty much violated the New Jersey

13   Consumer Fraud Act.  Those FTC standards generally have no

14   private right of action whatsoever.  Correct?

15          MR. KRAMER:  I take it as correct, your Honor.

16          THE COURT:  All right.

17          MR. KRAMER:  Your Honor, let me address it this way.

18   I understand the point.

19          THE COURT:  In short, one can import a federal

20   standard without it being a federal issue as to whether or

21   not the remedial provisions of that statute are being adopted

22   by the state courts and it's up to -- it's an interpretation

23   of the state RICO statute as to what remedial components

24   would be incorporated, wouldn't it?

25          MR. KRAMER:  Your Honor, I don't think that's right

 1    when it comes to predicate acts for state RICO claims.  The

 2    predicate act is a violation of various federal statutes.

 3    And to sit here and pick and choose which elements of those

 4    statutes are going to be relevant there --

 5            THE COURT:  But stop a second.  The state RICO

 6    statute involves a designation of certain state and federal

 7    criminal statutes.  The bulk of those criminal statutes have

 8    no remedial provisions.  There is no remedial provision for a

 9    violation of the state crime of theft which I presume is a

10    RICO predicate.

11            MR. KRAMER:  And Grable says that doesn't matter

12    when it comes to removal.  Grable says that specifically,

13    that doesn't matter that there's no remedial --

14            THE COURT:  Understood.  Okay.  But the point is

15    that if you have a state statute which in fact is designed to

16    incorporate as a standard of conduct state and federal

17    criminal statutes for purposes of determining what conduct is

18    violative of the state statute, that does not mean that you

19    have also incorporated federal standards as to the

20    circumstances under which a recovery would be permitted for a

21    violation of those standards.  And when I take a look at the

22    issues which you've raised here, your issues of loss

23    causation and detrimental reliance and so on are all issues

24    which focus on what remedy would be permitted, what damages

25    would be permitted if there was a finding of a violation of

1   this standard.

2            MR. KRAMER:  Your Honor, they're all elements of a

3   cause of action under those statutes.  They're all required

4   elements that plaintiffs must plead.  And let me give you two

5   responses to this general -- it's a very interesting way to

6   look at it.  Let me give two responses.

7            Number one, the New Jersey courts do say that they

8   would look to and interpret federal law if there's no state

9   law available, and no one here has cited to your Honor state

10  law, New Jersey state law on these issues.

11           And number two, what you're saying is essentially

12  saying that when you look at all of the cases, the removal

13  cases involving state RICO and federal predicate acts, not a

14  single one of those cases adopts this analysis.  Instead,

15  every one of those cases, and I can list them for your Honor,

16  every one of those cases goes through the analysis that I

17  presented, which is looking at the elements of the federal

18  predicate claim and determining whether it raises a

19  significant issue.

20           THE COURT:  Question.

21           MR. KRAMER:  Yes.  Now, they may all be wrong.

22           THE COURT:  Do they go through the elements of the

23  federal predicate in terms of what constitutes a criminal

24  violation of the predicate?

25           MR. KRAMER:  Well, let me go through a couple of

1    them and tell you what they do.

2          THE COURT:  Let's take a look.

3          MR. KRAMER:  Okay.  In Graham, there the remand was

4    denied because the court looked at the claim and determined

5    that the violations of federal criminal law as to predicate

6    acts were not sufficiently substantial to confer federal

7    question jurisdiction, not because that issue was an issue

8    for state court or for state law.

9          The same thing in Meinders, the court took a look at

10   the Colorado RICO statement and said that the issues weren't

11   sufficiently substantial because the issues of federal law in

12   the case the defendant had already admitted violated.  These

13   courts don't look at it and say this is an issue for the

14   state court.  They don't look at it and say, oh, we can't

15   address this, we can't look at the federal issues raised in

16   the RICO predicates because it's a state law issue.

17         Instead, each one of these cases, Patterman is the

18   same, Bridgestone is the same, they actually analyzed the

19   federal predicate and decide whether there's a significant

20   issue raised or not.

21         THE COURT:  The question I'm asking is not whether

22   they analyzed the federal predicate.  Of course they have to

23   analyze the federal predicate, but the federal predicates are

24   by and large set forth by statute in criminal statutes and

25   there is no federal criminal statute which has as an element

1   of its violation loss causation.

2           MR. KRAMER:  But your Honor, here one of the

3   predicates is civil securities fraud which does have that as

4   an element and it also has reliance as an element, and those

5   are issues that have been the subject of numerous Supreme

6   Court rulings that are very contested.

7           In fact, your Honor, there's sort of a parallel case

8   that was just reassigned to this Court and to you where

9   shareholders of Biovail are seeking to bring a state class

10  action.  Their complaint is a carbon copy of this complaint

11  and your Honor will be addressing those issues, and I think

12  if you look at Grable, what Grable says is if there's a

13  significant federal issue, we want it to percolate up through

14  the federal courts.  We want the law to develop that way, and

15  I think that holds true here and it holds true here doubly

16  because your Honor is going to be facing exactly these issues

17  in the securities class action and the notion that we're

18  going to have different courts, one federal and one state,

19  ruling on these very same issues is not the efficiency and

20  uniformity that underlies 1441 removal and is the basis of I

21  think Grable, the way Grable looked at this and said if it's

22  significant, we want a federal court to weigh in on it.

23          So, while you may be right about some of the

24  criminal predicates, I don't think that applies to the civil

25  securities cases.

1          THE COURT:  Well, like for example, let's take loss

2     causation.

3          MR. KRAMER:  Okay.

4          THE COURT:  All right.  There is no doubt that one

5     cannot recover a securities fraud case under 10(b)(5) without

6     establishing loss causation.

7          MR. KRAMER:  Right.

8          THE COURT:  But to the extent that that is a

9     function of stating a viable civil cause of action for

10    recovery, it's very significant for federal purposes.

11         MR. KRAMER:  It's a significant federal issue.

12         THE COURT:  However, our plaintiff here by

13    definition cannot recover under 10(b)(5).

14         MR. KRAMER:  Well, the fact that the significant

15    issue is one they're destined to lose shouldn't mean that we

16    lose the federal forum over it.

17         THE COURT:  The question ends up being then, there

18    is no recovery for this plaintiff as a non-purchaser, as I

19    recall --

20         MR. KRAMER:  That's correct.

21         THE COURT:  -- under 10(b)(5).

22         MR. KRAMER:  That is correct.

23         THE COURT:  There is no cause of action.  It's

24    conceded there is no cause of action.

25         MR. KRAMER:  They have no standing if they're not a

1   purchaser or seller of securities, that's correct.

2        THE COURT:  Right.  Okay.  Now, the question then is

3   whether or not New Jersey would recognize them as being able

4   to pursue such a claim as a predicate for a RICO violation

5   without being one of those individuals who could ever pursue

6   a substantive claim for that.

7        MR. KRAMER:  Your Honor, that's going to be the case

8   whenever you have a state RICO claim and the import of that

9   would be that state RICO claims are never removable under

10  1441.  That is a point of view and a way of looking at the

11  world that I submit is different from how any court has ever

12  looked at it and fundamentally inconsistent in my view with

13  Grable.

14       So, I would urge the Court not to take that view

15  because it would then by definition say regardless of the

16  federal predicates, there can never be, with respect to those

17  predicates, a federal issue, and I don't think that's right,

18  your Honor.  I don't think that's the right way to look at

19  it.

20       THE COURT:  Let's take a look at Grable for a

21  second.  Okay.

22       MR. KRAMER:  Okay.

23       THE COURT:  Grable in many ways is entirely

24  different from this case.

25       MR. KRAMER:  Yes.

1          THE COURT:  An adverse decision to the purchaser in

2     Grable had the potential for undermining the entire tax

3     foreclosure system of the Internal Revenue Service.  Correct?

4          MR. KRAMER:  I don't know that I'd go that far but

5     clearly the issue in Grable of whether the service had to be

6     personal or not was a significant issue for the IRS.  I would

7     agree with that.

8          THE COURT:  And its significance is, as I understand

9     it, the following.  In short, IRS forecloses property and

10    collects its taxes by selling it.

11         MR. KRAMER:  Correct.

12         THE COURT:  If their judgments are going to be

13    routinely -- their foreclosure sales can routinely be

14    challenged in state court pursuant to state court

15    interpretations of federal law, there's the potential for the

16    entire marketability of tax foreclosed property being

17    imperiled.  Correct?

18         MR. KRAMER:  I think one could make that argument

19    that it's a very significant issue.

20         THE COURT:  And in short, the only context, absent

21    removal jurisdiction under Grable, the only context where it

22    could have been determined would have been in state quiet

23    title actions.  Correct?

24         MR. KRAMER:  I don't know if that's true but that

25    sounds, you know -- I wouldn't contest that.

```
 1          THE COURT:  Put it this way, from the context of the
 2    case it looks like it's the only way where it -- only place
 3    it could have been determined, which is one of the reasons
 4    why the court writ off the interpretation of Merrell Dow
 5    saying if you don't have a cause of action, it can never be
 6    removable.
 7          MR. KRAMER:  Grable I think was clearly correctly
 8    decided.  I mean, who am I to say.
 9          THE COURT:  I agree.
10          MR. KRAMER:  But Grable --
11          THE COURT:  Let's see, was Justice Alito on that
12    court?  I don't remember.
13          MR. KRAMER:  Yes, by then.  But in any event, Grable
14    makes sense.  But Grable, given the facts of Grable, the
15    court could have said, given those facts, removal will only
16    occur in the narrow circumstance where you have a single
17    dispositive federal issue of wide-ranging effect.  They could
18    have come up with that rule based on those facts.
19          Your Honor, they didn't.  What they said instead was
20    there's, quote, no single precise all-embracing test for
21    jurisdiction -- that's at 2368 -- and that the court must
22    apply, quote, a common sense accommodation of judgment to the
23    kaleidoscopic situations that present the federal issue.
24    That's 2367.
25          The facts of Grable could have supported a stricter
```

1   and narrower reading of 1441 jurisdiction but it didn't.

2   Instead, they said if it raises a substantial issue of

3   federal law and it's not inconsistent with the state-federal

4   division of labor, it's removable.

5          Now, not many cases are going to fall into that,

6   your Honor, but it isn't only the Grable cases that fall into

7   it.  The court could have held that it didn't.  So, we

8   believe this case does.  We believe the issues are

9   substantial.

10          THE COURT:  Okay.  Let's quickly go to SLUSA.

11          MR. KRAMER:  Should I move to SLUSA?  Your Honor,

12  number one, the complaint in this action alleges market cap

13  diminution and damages.  It just does.  It's in the plain

14  language of the two paragraphs that I referred to earlier to

15  the Court, those being paragraphs 173 and 179 of the

16  complaint.  It's in here.  It seeks damages that only

17  shareholders can seek, companies can't seek them, and so,

18  what we're really left with here is the argument that this

19  can't be a covered class action, which is the only element of

20  SLUSA that's being challenged here.

21          It can't be a covered class action because by

22  definition, we're corporations and by definition,

23  corporations are only single people.  There are only two

24  people here, that's not a class action.  Well, your Honor,

25  there are a number of problems with that argument, the

1   principal one being that when you look at 15 U.S.C.

2   78(E)(B)(F)(5)(B), which is the definition of a covered class

3   action, it gives you three or four different definitions.

4   One of them is, quote, when one or more named parties, one or

5   more named parties, seek to recover damages on a

6   representative basis on behalf of themselves and other

7   unnamed parties similarly situated.

8         It doesn't matter that Biovail is a corporation and

9   in SLUSA Congress did not say it doesn't matter what actions

10  corporations bring, it could never be a covered class action.

11        Instead, what Congress said is that if one or more

12  parties seek to bring an action that is actually in a

13  representative basis for themselves and others, then it is a

14  covered class action, and the Third Circuit in Rowinski said

15  you have to interpret SLUSA broadly.  And the Senate Banking

16  Committee said, and this is at S Rep number 105-182 at 8,

17  quote, SLUSA should be interpreted broadly to reach mass

18  actions and all other procedural devices that might be used

19  to circumvent the class action definition.

20        Your Honor, this case is such a case.  This is a

21  case where a corporation has brought a lawsuit and has

22  alleged that it should be entitled to damages of the

23  diminution in its market cap, that's the loss or decline in

24  its stock price.  It can't seek those damages.  I think

25  that's why plaintiffs admit in their reply or try to back

1    away from it and say no, no, no, that's not what we meant,

2    that's not what we're doing.  They clearly know they're not

3    entitled to it, only their shareholders are, and under one of

4    the definitions in SLUSA for a class action, the fact that a

5    corporation is a single entity simply doesn't matter.

6           And so, under SLUSA, given the way this complaint

7    is, under SLUSA it's a covered class action involving a

8    covered security making allegations of misrepresentations in

9    connection with their stock, and it is removable separate and

10   apart from whether 1441 provides for removal.

11          THE COURT:  Thank you.

12          MR. KRAMER:  Thank you, your Honor.

13          THE COURT:  I will hear very briefly.

14          MR. KASOWITZ:  That's all you'll need to hear, your

15   Honor.  Just a couple of very quick points.  With respect to

16   that last point, the complaint is very clear that it does not

17   seek to represent -- that the plaintiffs here don't seek to

18   represent anyone.  It is not a representative complaint.  And

19   although it's an imaginative argument by defendants to claim

20   that if there's some element of relief being sought for

21   market cap diminution and the like, then it must be a

22   representative case, it's not.

23          The remedy that defendants have here is to seek to

24   strike or dismiss that element of damages to the extent that

25   we are seeking to recover it, and which we're not.  So,

1    that's just very clear.  That doesn't bootstrap this case

2    into a class action under SLUSA.  That's number one.

3           Number two, there is some law in the states for the

4    proposition, which we cite in our case, that under certain

5    circumstances a loss in market cap may be recoverable by a

6    company for itself in certain circumstances.

7           Secondly, the point that defendants have made about

8    Grable being -- that there's nothing since Grable that talks

9    about Grable is not correct.  There's the Empire Health

10   Choice case recently decided by the Supreme Court of the

11   United States and we'd submit, your Honor, that what

12   defendants are trying to do here is to take the position that

13   Grable opens the door to arising under jurisdiction, that

14   it's opening the door to all sorts of cases that are not

15   entitled to be removed, and the Supreme Court following its

16   decision in Grable, in the Empire Health Choice case made it

17   very clear that that's not the case.  In the last paragraph

18   of the decision it said, In sum, Grable emphasized that it

19   takes more than a federal element, quote, to open the arising

20   under door, close quote.

21          This case cannot be squeezed into the slim category

22   that Grable exemplifies.  So, with respect to arguments that

23   the defendants are making that they are entitled somehow by

24   Grable to a whole new world of federal question jurisdiction,

25   we submit that that's not the case at all, that Grable does

1   just the opposite in terms of limiting it.

2           We agree, your Honor -- I'll keep this very brief --
3   we agree, your Honor, with your Honor's position concerning
4   the criminal predicates here.  We entirely agree with that.
5   These are criminal statutes.  There is no reliance issue
6   there with respect to the wire, mail fraud and the other
7   federal criminal acts at all, and it is up to the state court
8   to make determinations with respect to that.

9           One last point, your Honor.  There's a lot talked
10  about with respect to -- with respect to that issue as to
11  whether it's civil, whether you have to have all the elements
12  of a civil recovery as a predicate act, but we think, your
13  Honor, that Chapter 41-1 is very clear.  It talks about one
14  of the predicate acts as any conduct defined as racketeering
15  activity under Title 18 U.S.C. 1961 (1)(A)(B) and (D) and
16  those are criminal statutes, your Honor.  Thank you very
17  much, your Honor.

18          THE COURT:  Thank you.  Counsel, I'm going to give a
19  relatively brief decision right now.  I have concluded that,
20  indeed, this case should be remanded to the Superior Court of
21  the State of New Jersey.

22          In this case plaintiff, a New Jersey-based
23  corporation, and its corporate parent started this action in
24  New Jersey Superior Court.  The complaint sets forth six
25  causes of action under New Jersey statutory and common law.

1    As the parties have indicated in argument, there are no

2    federal causes of action which are pled and there is no

3    effort to pursue any recovery under a federal statute.

4    Moreover, there is no diversity of citizenship among the

5    parties.

6           Defendants have filed a petition to remove this

7    matter.  Their petition is based upon the contention that the

8    complaint in this matter is removable as arising under

9    federal law because it asserts a substantial contested issue

10   of federal law and, therefore, is appropriately removable

11   particularly in reliance upon the Supreme Court's recent

12   decision in Grable & Son Metal Products, Incorporated, vs.

13   Darue Engineering & Manufacturing reported at 545 U.S. 308

14   (2005).

15          The Court is satisfied that Grable does not work

16   such a substantial change in existing federal jurisdictional

17   law as to justify the removal of this case and support a

18   contention that it arises under federal law.

19          In Grable the Supreme Court noted that a federal

20   issue would be presented sufficient to give rise to arising

21   under subject matter jurisdiction where, quote, a state claim

22   necessarily raised a stated federal issue actually disputed

23   and substantial which a federal forum may entertain without

24   disturbing any congressionally approved balance of federal

25   and state judicial responsibilities.  The Supreme Court in

1    Grable sought to clarify the extent of its prior holding in

2    the Merrell Dow decision.

3         Merrell Dow had been interpreted by some courts as

4    providing that where the federal issue asserted as being

5    substantial and significant and necessary by the removing

6    party did not provide for a federal cause of action, that

7    necessarily the case was not removable.  Grable indicated

8    that while a court should indeed treat the absence of a

9    federal private right of action as evidence relevant to the

10   issue of whether or not removal was proper, it was only one

11   issue which should be considered in determining, quote,

12   sensitive judgments about Congressional intent, and in

13   particular, determining whether or not Congress contemplated

14   that the issue in question would warrant removal.

15        The Supreme Court in Grable went on to say, quote,

16   the absence of any federal cause of action affected Merrell

17   Dow's result in two ways.  The court saw the factors worth

18   some consideration in the assessment of substantiality but

19   its primary importance emerged when the court treated the

20   combination of no federal cause of action and no preemption

21   of state remedies for misbranding as an important clue to

22   Congress's conception of the scope of jurisdiction to be

23   exercised under Section 1331.

24        The court saw the missing cause of action not as a

25   missing federal door key, always required, but as a missing

1    welcome mat required in the circumstances when exercising

2    federal jurisdiction over state misbranding action would have

3    attracted a hord of original filings and removal cases

4    raising other state claims with embedded federal issues; for

5    if the federal labeling standard without a federal cause of

6    action could get a state claim into federal court, so could

7    any other federal standard without a federal cause of action,

8    and that would have meant a tremendous number of cases.

9         The portion of Grable which the Court just quoted in

10   essence constitutes the key to the Court's decision in this

11   case.  In the end, the core of defendant's argument in this

12   case would permit the removal of any state-based RICO statute

13   in which, by virtue of the state statute, federal offenses

14   could serve as predicates for pursuing the state cause of

15   action.

16        The defendants in this case have essentially argued

17   that the New Jersey RICO statute, by permitting reference to

18   federal wire and mail fraud statutes and federal securities

19   fraud statutes, has injected into the discourse and

20   necessarily raised federal issues which will actually be

21   disputed and litigated and which are substantial and which a

22   federal forum may entertain without disturbing any

23   congressionally approved balance of federal and state

24   judicial responsibilities, quoting the Supreme Court's

25   standard in Grable.

1          The Court finds that that is simply an untenable

2     position.  Numerous state RICO statutes permit reference to

3     federal criminal statutes.

4          Following defendant's proposed course of conduct in

5     this case would essentially do exactly what the Grable court

6     concluded should be avoided, which is opening masses of

7     otherwise state cases to removal.

8          The Court is further satisfied that the complaint

9     filed by plaintiff does not necessarily raise any federal

10    cases.  As the Court indicated earlier, the Supreme Court in

11    Christianson vs. Colt Industries, 486 U.S. 800 (1988),

12    concluded that, quote, if on the face of a well-pleaded

13    complaint there are reasons completely unrelated to the

14    provisions and purposes of (the patent laws) why the

15    plaintiff may or may not be entitled to the relief it seeks,

16    then the claim does not arise under those laws.  Thus, a

17    claim supported by alternative theories in the complaint may

18    not form the basis for Section 1338(a) jurisdiction unless

19    the patent law is essential to each one of those theories.

20         As the Court noted earlier, the Fifth Circuit in

21    Howery vs. Allstate Insurance Company, 243 F.3d 912, Fifth

22    Circuit 2001, relying upon the Supreme Court's decision in

23    Christianson, concluded that where there is in the complaint

24    alternate theories which would permit a recovery by the

25    plaintiff without dealing with any federal issues, then the

1   federal question is not a necessary element of the state

2   claim and thus does not create federal question jurisdiction,

3   243 F.3d at 918.

4        Moreover, as the Court noted during oral argument,

5   the Court is extremely dubious about whether or not any of

6   the federal issues which defendants contend are presented by

7   the reference to federal RICO predicates in fact raise a

8   substantial question of federal law.  The issues which are

9   raised in defendant's brief largely deal with issues about

10  standing to recover, detrimental reliance, damage recovery

11  theories under federal law and, indeed, the U.S. Supreme

12  Court has dealt with some of those issues and may deal with

13  some of those issues in the future, including in the context

14  of whether or not the incorporation of mail fraud predicate

15  and other fraud predicates in federal RICO statutes will

16  support recovery by particular plaintiffs.

17       But in determining whether or not a particular

18  predicate offense is sufficient to warrant recovery under

19  federal RICO statutes, the Supreme Court cannot purport to be

20  deciding whether or not state RICO statutes would or would

21  not provide for recoveries under their own statutes.

22       Defendant argues that New Jersey state courts have

23  indicated that they follow federal RICO law.  That is

24  undoubtedly the case to this point.  However, the fact that

25  they have chosen to this date generally to follow in the

1    footsteps of federal jurisprudence in regard to the

2    enforcement of New Jersey's state RICO statute does not mean

3    that they are bound to do it in the future.

4        The court only has to look to the experience which

5    the New Jersey state courts have had in the area of

6    employment discrimination law to note that New Jersey, while

7    on occasion may follow federal precedence, they are perfectly

8    willing and capable of going on their own when they believe

9    that federal precedence conflict with their own view of what

10   the law should be.

11       Moreover, as counsel for plaintiff has indeed noted,

12   there are substantial differences between the state statute

13   and the federal statute and certainly the New Jersey Supreme

14   Court would have to interpret those differences in light of

15   its own view of the purposes of the state RICO statute.  But

16   in short, the extent and manner in which the New Jersey state

17   courts incorporate RICO predicates, both substantively and in

18   remedial terms and to the interpretation and application of

19   the New Jersey RICO statute is quintessentially a matter of

20   state law and not a matter of federal law.

21       Interestingly, the closest federal case to this

22   scenario is Ayres vs. General Motors reported at 234 F.3d

23   514, 11th Circuit 2000, which defendants rely upon.  But the

24   Court will note, as was indicated earlier during argument,

25   that this was a unique case in many ways and the Ayres case,

1   first of all, noted, quote, However, to find federal question

2   jurisdiction in this case we need not go so far as to hold

3   that every state RICO cause of action which depends upon

4   proving as necessary predicate acts a violation of the

5   federal mail and wire fraud statutes establishes federal

6   question jurisdiction.   The particular controversy in this

7   case may very well make this case one of those exceptional

8   cases requiring that we decide a federal question substantial

9   enough to confer federal question jurisdiction.

10          Thus, Ayres itself recognized that it was an

11   exceptional case and, indeed, Ayres is a case in which only

12   federal predicates were pled as the RICO predicates for the

13   state cause of action.

14          In short, this Court is satisfied that despite the

15   change brought by Grable, the core of Judge Simandle's

16   analysis in Horowitz vs. Marlton Oncology reported at 116

17   F.Supp 2d 551, District of New Jersey, 1999, still holds

18   true, which is that at least generally speaking, the

19   incorporation of federal predicates into a state-based RICO

20   cause of action will not give rise to removal jurisdiction.

21          Jurisdiction is also sought by defendants under

22   SLUSA.  SLUSA provides for federal jurisdiction and removal

23   of particularly covered class actions.  The statute, which is

24   fully called the Securities Litigation Uniform Standards Act

25   of 1998, provides that any covered class action brought in

1    any state court involving a covered security as set forth in

2    paragraph one shall be removable to federal district court

3    for the district in which the action is pending, and SLUSA's

4    removal provision is jurisdictional.  It creates an express

5    exception to the well-pleaded complaint rule conferring

6    federal removal jurisdiction over a unique class of state law

7    claims.  See Rowinski vs. Solomon, Smith, Barney, 398 F.3d

8    294 Third Circuit 2004 at 297 and 298.

9          However, the definition of a covered class is such

10   that it is clear that this particular lawsuit does not fall

11   within its provisions.  The statute defines the term covered

12   class action as follows:  One, any lawsuit in which damages

13   are sought on behalf of more than 50 persons or prospective

14   class members and questions of law or fact common to those

15   persons or members of the prospective class without reference

16   to issues of individualized reliance on alleged misstatements

17   or omissions predominate over any questions affecting only

18   individual persons or members; or Roman II, one or more named

19   parties seek to recover damages on a representative basis on

20   behalf of themselves and other unnamed parties similarly

21   situated and questions of law or fact common to those persons

22   or members of the prospective class predominate over any

23   questions affecting only individual persons or members; or

24   II, any group of lawsuits filed in or pending in the same

25   court and involving common questions of law or fact in which

1   damages are sought on behalf of more than 50 people and the

2   lawsuits are joined, consolidated or otherwise proceed as a

3   single action for any purpose.

4          The statute further goes on to provide that for

5   purposes of this paragraph, a corporation, investment

6   company, pension plan, partnership or other entity shall be

7   treated as one person or prospective class member but only if

8   the entity is not established for the purpose of

9   participating in the action.

10          Governed by the definition of, first of all, how a

11  corporation will be counted, it is clear that Biovail was not

12  established for purposes of participating in this action and,

13  therefore, counts as only one party.

14          Second, it is clear that Biovail is the only

15  plaintiff party in this action and, therefore, this action

16  cannot fall within the provisions which provide for damages

17  which are sought on behalf of more than 50 persons or

18  prospective class members.

19          Defendant then appears to argue, however, that this

20  statute is removable under the provisions which permit

21  removal where one or more named parties seek to recover

22  damages on a representative basis on behalf of themselves and

23  other unnamed parties similarly situated.

24          The Court agrees with counsel for plaintiff, this

25  action does not purport to be brought on a representative

```
 1    basis.  It may very well be that the damages sought by

 2    plaintiff are not recoverable by a corporation.  It may very

 3    well be that they may not seek to recover the diminished

 4    value of the capitalization of the Biovail Corporation as a

 5    damage under the New Jersey RICO statute.  But the fact that

 6    they have sought those damages does not turn this into a

 7    representative action in any way, shape or form.  And while

 8    the Court recognizes that the Third Circuit in the Rowinski

 9    case indicated that SLUSA is indeed to be given an expansive

10    interpretation to effect its purposes, the Court nevertheless

11    finds that the interpretation which defendants seek to give

12    it is a bit too expansive to be covered by the legislative

13    intent of Congress in this matter.

14         The Court finally has to deal with the issue of

15    plaintiff's request for attorneys' fees in connection with

16    this.  Of course, the award of attorneys' fees is a

17    discretionary one and there are a number of factors which the

18    Court can consider in determining whether or not to award

19    fees for a remand.

20         One of the more significant issues is whether or not

21    the removal petition was colorable, although rejected and,

22    indeed, in the Court's view, that ultimately is one of the

23    most significant issues which is presented in any application

24    for remand.  There are, of course, other factors which the

25    Court can consider but in this case, frankly, while plaintiff
```

 1   argues, quote, the controlling principle of law is so clear

 2   that attorneys' fees should be awarded, the Court is not

 3   persuaded that the controlling principle is so clear post

 4   Grable that reasonable minds could not disagree about whether

 5   or not Grable supported removal in this particular case, and

 6   the Court indeed finds that the arguments presented by the

 7   parties have both been interesting and stimulating, and while

 8   the Court has ultimately concluded that the defendants should

 9   not prevail, the Court is not satisfied that the petition was

10   so lacking on a colorable basis that attorneys' fees should

11   be awarded.  Therefore, the application for fees is denied

12   and this matter will be remanded to the Superior Court of the

13   State of New Jersey for further proceedings.  Thank you very

14   much, counsel.

15          MR. KASOWITZ:  Thank you your Honor.

16          MR. KRAMER:  Thank you, your Honor.

17          THE COURT:  By the way, let me note for the record

18   that counsel on both sides did a superb job of arguing an

19   interesting and arcane issue and whether you won or lost, it

20   certainly was well presented and thank you.

21          MR. BOWE:  Do you want us to submit an order?

22          THE COURT:  I think we can do it on our own because

23   this will be two lines.  This matter is remanded for the

24   reasons set forth by the Court on the record at oral argument

25   and for the reasons set forth on the record the application

1   for attorneys' fees is denied.  Thank you.

2            (Whereupon the proceedings are adjourned.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25